UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                                          )
ZINA P. MUSGROVE,                         )
                                          )
              Plaintiff,                   )
                                          )
      v.                                   )        Civil Action No. 13-1794 (ABJ)
                                          )
BROOKINGS INSTITUTION, et al.,            )
                                          )
              Defendants.                  )
                                          )
```

**MEMORANDUM OPINION**

On January 30, 2015, the Court granted the Motion for Judgment on the Pleadings filed by defendants TIAA-CREF and the Brookings Institution, and dismissed plaintiff Zina P. Musgrove's complaint. Order (Jan. 30, 2015) [Dkt. # 24]. At that time, however, the Court did not rule on the counterclaim and cross-claim advanced by defendant TIAA-CREF in its response to the complaint. *See* Corrected Answer, Countercl. & Cross-Cl. [Dkt. # 15] at 10–18. On April 10, 2015, TIAA-CREF filed a motion for voluntary dismissal of these claims pursuant to Rule 41(a)(2). Fed. R. Civ. P. 41(a)(2) Mot. for Voluntary Dismissal Without Prejudice [Dkt. # 26] ("Mot."). TIAA-CREF notes that it was unable to obtain the consent of Zina Musgrove to dismiss its claims with prejudice, and so it seeks to dismiss its claims without prejudice. Mem. of Law in Supp. of Mot. [Dkt. # 26-1] at 3.

Federal Rule of Civil Procedure 41 provides that the Court may dismiss an action at the request of a plaintiff (or, in this case, a counterclaim/cross-claim plaintiff) "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether

the dismissal would cause the defendant 'legal prejudice.'" *Mittakarin v. InfoTran Sys., Inc.*, 279 F.R.D. 38, 41 (D.D.C. 2012), citing *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000); *see also Guttenberg v. Emery*, No. 13-2046 (JDB), 2014 WL 4698128, at *2 (D.D.C. Sept. 23, 2014). "The purpose of the provision authorizing the Court to dismiss a case 'on terms that the court considers proper' is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal." *Mittakarin*, 279 F.R.D. at 41.

In this case, the Court has already dismissed all claims advanced by counterclaim/cross-claim defendant Zina Musgrove. *See* Order (Jan. 30, 2015). Under these circumstances, the Court finds that Zina Musgrove will not be prejudiced or inconvenienced by the dismissal of TIAA-CREF's counterclaim and cross-claim, and that TIAA-CREF's request to dismiss its claims is not "premature." Moreover, the Court finds that TIAA-CREF's motion to voluntarily dismiss its claims is made in good faith. Therefore, the Court will grant TIAA-CREF's motion. A separate order will issue.

*Amy B. Jackson*
_____
AMY BERMAN JACKSON
United States District Judge

DATE: April 14, 2015

2